**FILED**
June 02, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____AA_____
DEPUTY

**United States District Court
Western District of Texas
Del Rio Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JACINTO RAMIREZ-NAVARRO,<br>Defendant. | No. DR:22-CR-2793-AT |

# ORDER

Jacinto Ramirez-Navarro was convicted of conspiring to possess with intent to distribute methamphetamine and sentenced to 160 months in prison. He has moved for a sentence reduction and argues that multiple medical issues amount to extraordinary and compelling reasons that justify his release under § 3582(c)(1)(A).

A court may grant a sentence reduction only if "extraordinary and compelling reasons" justify relief, and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, a court cannot grant compassionate release unless it also considers the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022).

The Fifth Circuit defines "extraordinary and compelling reasons" as "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (citation omitted). And the applicable policy statement from the Sentencing Commission requires a defendant to show that his ability to provide self-care is "substantially diminishe[d]" or that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided." U.S.S.G. § 1B1.13(1)(B)–(C).

Defendant argues for a reduced sentence, citing two "major operations" and a series of strokes that affect his mobility. Def. Mot. 6. But defendant's history of strokes and at least one operation were known and considered by the court at the time of sentencing, so they don't amount to an unforeseen, "severe exigency." *Austin*, 125 F.4th at 692. *See* Presentence Report, ¶ 48, Statement of Reasons at 1 ("adopt[ing] the presentence investigation report without change."); Sentencing Hearing at 11:27 (defense counsel providing update about defendant's health, including that he uses a cane); Sentencing Hearing at 11:30 (counsel again referring to "multiple health issues"); Sentencing Hearing at 11:33 (court recognizing defendant's drug use despite his "poor health"). Defendant also cites to his "mobility issues" and "physical limitations." Def. Mot. 6. But his medical records indicate that he uses a cane to walk "without problems," and defendant "state[d]" that "he is doing okay in [the] San Antonio unit." Def. Mot. Attachment 2 at 3. Defendant thus has failed to show an "extraordinarily severe exigency" that merits compassionate release.

Nor would release here be consistent with the Sentencing Guidelines' policy statement. Defendant's medical records indicate he can care for himself by walking with a cane "without problems." *Id.* And the medical records also indicate that defendant is receiving ongoing treatment for his medical issues, such as through physical therapy and occupational therapy for stroke rehabilitation, as well as numerous medications.

Finally, the § 3553(a) factors support maintaining the defendant's original sentence. Defendant smuggled approximately forty-two kilograms of methamphetamine into the United States and transported proceeds back into Mexico. He also is a naturalized United States citizen. Despite being entrusted with that privilege, defendant has repeatedly violated our country's laws. Thus, the defendant's nature and characteristics and the seriousness of his offense don't support

compassionate release. *See* 18 U.S.C. § 3553(a)(1). Defendant also committed these crimes while suffering from similar strokes to the ones he suffers now, which indicates that his medical issues do not stand in the way of further criminal activity. *See id.* § 3553(a)(2). Moreover, release would run contrary to defendant's Guidelines range and created unwarranted sentencing disparities. *See id.* § 3553(a)(3)–(6). And, finally, defendant benefitted from a two-point reduction in his offense level as a zero-point offender despite having a lengthy criminal history.

Thus, his motion is **DENIED.**

SIGNED this __2nd__ day of ____June____, 2025.

*Amul Thapar*
_____
**AMUL R. THAPAR**
**UNITED STATES CIRCUIT JUDGE**